IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MEYERS, | ) | CASE NO. 1:14 CV 1505 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] is the *pro se* petition of Robert Meyers for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Meyers was incarcerated by Lake County Ohio at the time the petition was filed[3] as a result of his 2013 conviction at a jury trial on charges of improperly handling firearms in a motor vehicle and using weapons while intoxicated, as

---

[1] ECF # 7.

[2] ECF # 1. The petition is actually captioned as a "petition for a writ of habeas corpus and/or writ of coram nobis," which Meyers here characterizes as a "hybrid" petition. The County has moved to dismiss that portion of the current filing that seeks a writ of coram nobis. That motion will be discussed below, and I will recommend that it be granted.

[3] Although a sentence of six months in prison was imposed immediately after Meyers was convicted in 2013, execution of the sentence was stayed until Meyer's appeal was concluded, with such sentence ordered to commence on June 30, 2014. *See*, ECF # 1-4, ECF # 5 at 2. The present petition was filed nine days later. ECF # 1. Because, pursuant to the stay, Meyers did not begin serving his sentence until after he had completed his state court appeals, he is now in the unusual position of both (1) being in custody under a minimal sentence at the time he filed this petition, and (2) having exhausted state court appeals related to his conviction. As will be discussed more fully below, the County's argument that Meyers's petition should be dismissed because he no longer remains in custody at this time misstates the applicable law in this regard and so should be denied.

well as two other minor misdemeanors.[4] Lake County has moved to dismiss the petition for failure to state a claim upon which relief can be granted.[5] Meyers has responded by moving to strike the County's motion and replying to the County's motion to dismiss,[6] as well as moving for an emergency evidentiary hearing[7] to stay enforcement of state proceedings[8] and to expand the state court record.[9] Lake County has responded to Meyers's motion to strike, and to his opposition to the County's motion to dismiss.[10]

For the reasons that follow, all of Meyers's pending motions will be denied, and I will recommend that the County's motion to dismiss on the grounds that Meyers is not currently in custody also be denied.[11] I will further recommend that the County's motion to dismiss any cause of action asserted for a writ of coram nobis be granted.

---

[4] ECF # 1 at 5, 7.

[5] ECF # 14.

[6] ECF # 15.

[7] ECF # 4.

[8] ECF # 5.

[9] ECF # 6.

[10] ECF # 16.

[11] Pursuant to the referral, I may directly rule on non-dispositive motions, such as the ones advanced by Meyers, but must make a recommendation as to any case dispositive motions, such as those presented by the County, to the District Judge.

A.  **Meyers's motions for evidentiary hearing[12] and for a writ of habeas corpus ad testificandum[13]**

28 U.S.C. § 2254(e)(2) governs evidentiary hearings in habeas matters. It states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
> (A)  the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
> (ii) a factual predicate that could not have previously been discovered through the exercise of due diligence; and
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The decision of the district court on whether to hold an evidentiary hearing on a habeas petition is a matter committed to its sound discretion.[14] "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient ground for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'"[15] Even when a habeas petitioner is not entitled to an evidentiary

---

[12] ECF # 4.

[13] ECF # 3.

[14] *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003).

[15] *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001), cert. denied, 537 U.S. 831 (2002) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

hearing, the district court may nonetheless grant one at its discretion.[16] If an evidentiary hearing is ordered, counsel must be appointed for a *pro se* petitioner.[17]

Here, a review of the grounds for relief establish no need for an evidentiary hearing. Specifically, four of the five grounds for relief here concern issues arising out of the trial, which were fully briefed and analyzed on direct appeal. As such, a federal habeas court is limited to reviewing the decision of the state court on the record that was before the state court that decided the claim.[18] Thus, there is no basis for an evidentiary hearing to create an expanded record that cannot be considered.

The remaining issue, which deals with alleged ineffective assistance by Meyers's court-appointed appellate counsel, appears not to have been raised to or considered by any state court in any proceeding. While not presuming any attempt by the County to raise an issue concerning lack of exhaustion or procedural default, I note only that a prisoner who was not diligent in developing a record in the state courts, and then failed to fairly present a claim to those courts, may not obtain a federal evidentiary hearing to do what he failed to do while state remedies were available. As the Supreme Court plainly stated in *Williams v. Taylor*:[19]

---

[16] *Apanovitch v. Houk*, 466 F.3d 460, 476 (6th Cir. 2006) (citation omitted).

[17] Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

[18] *Frazier v. Jenkins,* 770 F.3d 485, 495 (6th Cir. 2014) (quoting *Greene v. Fisher*, __ U.S. __, 132 S. Ct. 38, 44 (2011)).

[19] *Williams v. Taylor*, 529 U.S. 420 (2000).

> Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made an insufficient effort to pursue in state proceedings.[20]

Here, as noted, the claim related to allegedly ineffective appellate counsel was never developed below or pursued in state court. Thus, without clear evidence that Meyers was nevertheless diligently pursuing this claim below, despite never having presented it to the state courts, the federal habeas court should not now be the alternative forum for developing the record in that regard, or then for adjudicating that claim *de novo*.

Meyers's motions for an evidentiary hearing[21] and for a writ of habeas corpus ad testificandum[22] in that regard are, therefore, denied.

**B.     Meyers's motion to forward/expand the state record**[23]

To the extent that this motion concerns an expansion of the record by means of an evidentiary hearing, it is denied for the reasons stated above. To the extent that this motion, which was filed contemporaneously with the petition, merely seeks to have the County transmit a full and complete record of the proceedings below to this Court, it is rendered

---

[20] *Id.* at 437.

[21] ECF # 4.

[22] ECF # 3. Even if this motion were not here denied on the merits, it would be denied as moot because Meyers is no longer in prison.

[23] ECF # 6.

moot by this Court's pretrial order[24] and the County's subsequent filing of the state court record.[25]

**C.     Meyers's motion to stay state proceedings**[26]

This motion was also filed at the same time as the petition and seeks to stay the County from executing the prison sentence stayed during the pendency of Meyers's state appeals.[27] But as noted above, that sentence has been served, and Meyers has been released from prison. Thus, insofar as the motion seeks to stay the doing of something which has already been done, it is denied as moot.

To the extent that it seeks to stay the operation of that portion of the sentence subjecting Meyers to community control for 24 months,[28] the motion is denied as premature, inasmuch as this issue is the subject of the complaint for habeas relief and will be resolved together with the petition itself.

**D.     Meyers's motion to strike**[29]

Motions to strike are both disfavored under the Federal Rules of Civil Procedure and are only appropriate as to pleadings. The Federal Rules of Civil Procedure permit a court to

---

[24] ECF # 8.

[25] ECF # 13.

[26] ECF # 5.

[27] *Id.* at 3.

[28] *See*, ECF # 1-4.

[29] ECF # 15.

"strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[30] The Rule itself states that a court may act on its own or on motion from a party.[31] Moreover, as the Sixth Circuit teaches, "[i]t is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when *the pleading* to be stricken has no possible relation to the controversy."[32] Rule 12(f) thus permits a court to strike "only material that is contained in the *pleadings*.... Exhibits attached to a dispositive motion are not pleadings ... and therefore not subject to a motion to strike under Rule 12(f)."[33] Thus, Meyers's motion to strike any portion of the County's motion to dismiss is denied as beyond the scope of the Rule.

**E.    County's motion to dismiss the habeas petition on the grounds that Meyers is not "in custody" should be denied.**

The County contends that Meyers's petition for habeas relief should be dismissed because Meyers is presently no longer in custody.[34] In support, the County cites a case over

---

[30] Fed. R. Civ. P. 12(f) (emphasis added).

[31] *Id*.

[32] *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citation omitted) (emphasis added).

[33] *Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006) (internal quotation omitted) (unreported case) (emphasis added).

[34] ECF # 14 at 3.

a half-century old that pre-dates the adoption of the AEDPA and that does not accurately state the law regarding the in-custody requirement.[35]

The clear teaching of the United States Supreme Court in *Spencer v. Kemna*[36] is that: (1) a habeas petitioner who is in custody at the time the petition is filed satisfies the "in-custody" provision of 28 U.S.C. § 2254, and (2) the petitioner's subsequent release does not moot the petition because a wrongful criminal conviction is presumed to have significant ongoing adverse collateral consequences.[37]

Here, there is no dispute that Meyers was incarcerated pursuant to the state conviction challenged in the petition at the time the petition was filed. Thus, he satisfies the "in-custody" requirement of the statute, and the County's motion to dismiss on this ground must, therefore, be denied.

**F.     County's motion to dismiss any claim for a writ of coram nobis should be granted.**

The County has moved to dismiss the portion of Meyers's petition that asserts a claim for a writ of coram nobis.[38] As the Sixth Circuit holds, "[t]he extraordinary remedy of coram nobis, however, is available only in the court which rendered the judgment under attack; it

---

[35] *Id.*, citing *Johnson v. Eckle*, 269 F.2d 836 (6th Cir. 1959).

[36] *Spencer v. Kemna,* 523 U.S. 1 (1998).

[37] *Id.* at 1-2.

[38] ECF # 14 at 2-3.

is not available in federal courts as a means of attacking a state conviction."[39] Thus, because this Court did not enter the judgment of conviction that is challenged here, which judgment was entered by an Ohio state court, a writ of coram nobis is not available here. The petition, therefore, must solely be adjudicated as one for habeas relief arising under 28 U.S.C. § 2254.

## Conclusion

Therefore, for the reasons stated, Meyers's motions[40] are denied. Further, for the reasons stated, I recommend that the County's motion to dismiss[41] be granted in part insofar as it relates to the portion of Meyers's petition that seeks a writ of coram nobis, and denied in part as it relates to the portion of the petition that arises under 28 U.S.C. § 2254.

Dated: February 9, 2015                       s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[42]

---

[39] *Fegley v. McClain*, 802 F.2d 457 (6th Cir. 1986) (citations omitted).

[40] ECF # 3, 4, 5, 6, and 15.

[41] ECF # 14.

[42] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).