IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ROBERT MEYERS,

                Petitioner,

      -vs-

STATE OF OHIO, *et al.*,

                Respondents.

: CASE NO. 1:14 CV 01505
:
:
: ORDER ADOPTING THE
: MAGISTRATE JUDGE'S REPORT AND
: RECOMMENDATION AND GRANTING
: IN PART AND DENYING IN PART THE
: RESPONDENTS' MOTION TO
: DISMISS

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    In 2013, a Lake County jury convicted *pro se* petitioner Robert Meyers of improperly handling firearms in a motor vehicle and using weapons while intoxicated, along with two minor misdemeanors. On 9 July 2014, during his term of incarceration, Mr. Meyers filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2254. Additionally, the petitioner asserts a claim for the writ of coram nobis.

    On 4 November 2014, the respondents filed a motion to dismiss Mr. Meyers's request for habeas relief on the ground that the petitioner's release from custody

mooted his habeas petition. The respondent also argues that the portion of his petition seeking the writ of coram nobis should be dismissed because the federal courts lack jurisdiction to grant such a writ with respect to a state court judgment.

This matter was automatically referred to United States Magistrate Judge William H. Baughman, Jr., pursuant to Local Rule 72.2(b). On 9 February 2015, the Magistrate Judge issued a Report and Recommendation advising that the Court grant the respondents' motion to the degree that they seek dismissal of the claim for the writ of coram nobis. The Magistrate Judge determined that the coram nobis remedy "'is not available in federal courts as a means of attacking a state conviction.'" (Report and Recommendation, pp. 8-9) (quoting Fegley v. McLain, 802 F.2d 457 (6th Cir. 1986)). On the other hand, the Magistrate Judge concluded that dismissal of the petitioner's claim for habeas relief on the ground of mootness would be improper. The Magistrate Judge noted that Mr. Meyers was in custody at the time his petition was filed, and he reasoned that despite Mr. Meyers's release from custody subsequent to the filing of this matter, his habeas petition presented a live case or controversy because "a wrongful criminal conviction is presumed to have significant ongoing adverse collateral consequences," pursuant to Spencer v. Kemna, 523 U.S. 1 (1998). (See Report and Recommendation, p. 8).

Both the petitioner and the respondents have filed objections in response to the Magistrate Judge's Report and Recommendation. This Court has considered *de novo* those portions of the Report and Recommendation to which the parties specifically object, pursuant to Local Rule 72.3(b) and 28 U.S.C. § 636(b)(1). Finding the objections to be without merit and the Report and Recommendation to be without error, the Court

accepts the Magistrate Judge's recommendations. The Report and Recommendation is accordingly adopted in its entirety. The respondents' motion to dismiss is granted in part and denied in part as described in the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

/s/ Lesley Wells<br>UNITED STATES DISTRICT JUDGE

Date: 29 April 2015