IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MEYERS, | ) | CASE NO. 1:14 CV 1505 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Robert Meyers for a writ of habeas

corpus under to 28 U.S.C. § 2254.[2] Portions of the petition seeking a writ of *coram nobis,*

and asking for an evidentiary hearing and expansion of the record were earlier denied.[3] An

appeal from that decision was dismissed for lack of jurisdiction.[4]  As is more fully stated in

the earlier Report and Recommendation adopted in this case, Meyers was incarcerated at the

---

[1]This matter was initially assigned to United States District Judge Lesley Wells and referred to me by her. ECF #7. The case was subsequently reassigned to Chief Judge Solomon Oliver, Jr. on October 7, 2015 under General Order 2015-12. The reassignment did not affect the referral.

[2]ECF # 1.

[3]ECF # 17; ECF # 20.

[4]ECF # 28.

time this petition was filed as the result of his 2013 conviction at a jury trial on one count of using weapons while intoxicated and two minor misdemeanor traffic violations.[5]

Now pending is that portion of Meyers' initial petition seeking federal habeas relief. The State, through the Lake County prosecutor, argues that the petition should be denied in its entirety.[6] Meyers has not filed a traverse.

For the reasons that follow, I will recommend that the petition be dismissed in part and denied in part, as will be more fully set forth below.

## Facts

### A. Background facts, trial and sentence

The background facts and relevant history as found by the Ohio appeals court[7] are simply stated. Around midnight on January 20, 2013, Madison police observed Meyers driving his truck with heavily tinted windows and a broken rear light.[8] Meyers was pulled over to discuss these equipment violations.[9] Prior to exiting the patrol car, the officer determined through the mobile data terminal that Meyers had a license to carry a concealed

---

[5]ECF # 17 at 1-2; *see* ECF # 27 at 2 (citing record).

[6]ECF # 27.

[7]ECF #13, Attachment 2 at 69. (The page number is the ECF page number. Lake County supplied the court record without Bates-stamping it as required by my order to show cause. ECF # 8).

[8]*Id.*

[9]*Id*. at 70.

firearm.[10] Very shortly into the stop, which was recorded on dash cam video, the officer spotted a weapon on the floor of the truck and ordered Meyers to keep his hands in plain sight while producing his insurance documentation, which Meyers did.[11]

The officer then told Meyers to keep his hands on the steering wheel, but apparently Meyers did not do so, because the officer then ordered Meyers to get out of the truck, where he was then handcuffed and ordered to stand by the side of the truck while a backup officer was called to the scene.[12] When the second, more experienced officer arrived, Meyers was placed in the back of a patrol car where the first officer then smelled alcohol on Meyers' breath - something he said he could not smell outside due to high winds.[13]

Meyers refused to take a field sobriety test.[14] An investigation of the inside of Meyers' truck showed that the handgun's action was open with the slide locked back, and there was a fully loaded magazine on the floor.[15] An additional fully loaded magazine was later discovered in the glove compartment during the inventory search following Meyers' arrest.[16]

---

[10]*Id.*

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]*Id.*

[15]*Id.*

[16]*Id.*

-3-

Both officers later testified that Meyers smelled of alcohol, slurred his speech, and had difficulty understanding the questioning, frequently repeating the officers' questions "many times."[17] The officers then informed Myers of his arrest, Mirandized him and took him to jail.[18]

Meyers was charged in Painesville Municipal Court with using weapons while intoxicated and improperly handling firearms in a motor vehicle, along with citations for having unlawful window tint and not having any illumination for the rear license plate.[19] He pled not guilty to all charges.[20]

Meyers elected to proceed *pro se* in the trial court for the pretrial hearing and a subsequent suppression hearing concerning statements Meyers made to the police.[21] Nevertheless, the trial judge had a public defender present at the pretrial hearing, appointed counsel for Meyers after the pretrial hearing, and granted a continuance before the suppression hearing so that Meyers could consult with counsel concerning his motion.[22]

---

[17]*Id.*

[18]*Id.*

[19]*Id.*

[20]*Id.*

[21]*Id.* at 71.

[22]*Id.*

At the suppression hearing Meyers again elected to proceed *pro se*, although appointed counsel was present in the courtroom.[23] The trial court granted the motion in part as to those statements Meyers made to police before being read his *Miranda* rights, and then further addressed the issue of Meyers proceeding to trial without assistance from his appointed attorney.[24] On the record, the trial court reminded Meyers that his appointed counsel was available to him, but that by Meyers' actions at the hearing, Meyers had chosen not to use the services of that attorney.[25] Speaking directly to Meyers, the court stated that it had appointed counsel for the upcoming trial and that counsel was ready and present in court.[26] But, the court continued, if Meyers did not wish to have the attorney present for the trial, "it's entirely up to you."[27]

On the day of the trial, Meyers signed an "Acknowledgment of Rights and Waiver of Counsel."[28] Meyers then represented himself at the jury trial, although counsel was available on standby throughout the proceedings.[29] On May 3, 2013 the jury convicted Meyers of

---

[23]*Id.*

[24]*Id.* at 71-72.

[25]*Id.* at 72.

[26]*Id.*

[27]*Id.*

[28]*Id.*

[29]*Id.*

improperly handling firearms in a motor vehicle and using weapons while intoxicated.[30] The trial court also found Meyers guilty on the two misdemeanor traffic citations.[31] Meyers was sentenced to six months in jail on the first count, with four months suspended, and 30 days in jail on the second count, to be served consecutively.[32]

## B.    Direct appeal

### 1.    Ohio appeals court

Meyers, *pro se*, and free on an appeal bond from beginning to serve his sentence, filed a timely notice of appeal.[33] Then represented by the Lake County Public Defender, Meyers raised the following five assignments of error to the Ohio appellate court:

1.    The trial court erred when it permitted the defendant-appellant to represent himself without first obtaining an effective waiver of his constitutional right to counsel.[34]

2.    The trial court erred when it denied the defendant-appellant's motion to suppress statements made to the police in violation of his constitutional rights to the assistance of counsel and against self incrimination.[35]

---

[30]*Id.*

[31]*Id.*

[32]*See, id.* at 10. He was also fined $250 for each count and placed on community control for 24 months, with an order to complete a chemical abuse program.

[33]*Id.* at 10-11.

[34]*Id.* at 15.

[35]*Id.* at 20.

3.       The defendant-appellant was deprived of his constitutional right to a fair trial and due process when the trial court failed to give an accurate jury instruction regarding the improper handling of firearms in a motor vehicle.[36]

4.       The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.[37]

5.       The trial court sentenced the defendant-appellant contrary to law.[38]

The State filed a responsive brief,[39] and March 31, 2014, the Ohio court of appeals found Meyers' third assignment of error to have merit, and thereby reversed Meyers conviction for improper handling of a firearm in a motor vehicle, remanding the matter for a new trial on that charge. The court also found the other assignments of error to be without merit and affirmed the conviction for using weapons while intoxicated.[40]

**2.       Supreme Court of Ohio**

On April 10, 2014, the State nolled the charge of improperly handling firearms in a motor vehicle.[41] Shortly thereafter, on May 2, 2014, Meyers, *pro se*, timely filed a notice of

---

[36]*Id*. at 23.

[37]*Id*. at 30.

[38]*Id*. at 33.

[39]*Id*. at 37-68.

[40]*Id*. at 69-88.

[41]*See*, ECF # 27 at 2.

appeal in the Supreme Court of Ohio.[42] On July 14, 2014 the Supreme Court of Ohio declined to accept jurisdiction.[43]

On June 30, 2014, or while the appeal was pending before the Ohio Supreme Court, Meyers was sentenced to the prison term for his conviction on the single count of improper handling of firearms while intoxicated, with the sentence to begin on July 9, 2014.[44] He was released from prison under terms of the sentence on August 14, 2014.[45]

## C.    Federal habeas corpus petition

On July 3, 2014, Meyers timely filed[46] the present petition for federal habeas relief. In the petition, which also sought a writ of coram nobis that has since been denied,[47] Meyers raises the following five grounds for relief:

---

[42]*See*, ECF # 13, Attachment 3 at 3. A copy of the original filing is not included in the record submitted by the State.

[43]*See, id.* at 3. Meyers' brief in support of the federal habeas petition relates that he filed a brief in support of jurisdiction to the Supreme Court of Ohio (ECF # 1 at 3), but that brief is not part of the record. Similarly, Meyers' habeas brief gives the date of the Ohio Supreme Court decision as June 25, 2014 (ECF # 1 at 2), while the docket sheet submitted by the State records the date of decision as July 14, 2014. In either case, the original document is not included in the state court record as filed.

[44]ECF # 1, Attachment 4.

[45]*See*, ECF # 37 at 2.

[46]The present petition for federal habeas relief was filed on July 9, 2014 (ECF #1). As such, it was filed within one year of the conclusion of Meyers' direct appeal in the Ohio courts and so it is timely under 28 U.S.C. § 2254(d)(1).

[47]ECF # 20.

-8-

I.     Did trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law by permitting petitioner to represent himself without first advising petitioner of [his] federal right to trial counsel, and knowing whether petitioner voluntarily, knowingly and intelligently waived his right to court-appointed trial counsel protected under the 6th and 14th Amendments of [sic] the U.S. Constitution.[48]

II.    Did trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law when it denied the petitioner's motion to suppress statements made to police in violation of his federal Constitutional rights to assistance of counsel and/or against self-incrimination protected under the 4th, 5th and 14th Amendments of [sic] the U.S. Constitution.[49]

III.   Did the trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law when the jury returned a verdict of guilty against the manifest weight of the evidence, and without *corpus delecti* being proven in the light most favorable to the prosecution according to state/federal law protected under the 1st, 4th, 5th, 6th and 14th Amendments of [sic] the U.S. Constitution.[50]

IV.   Did the trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law when retired Judge Paul Mitrovich acting without legal subject matter jurisdiction sentenced defendant for a 1st degree misdemeanor instead of a minor misdemeanor in violation of state/federal law protected under the 1st, 4th, 5th, 6th and 14th Amendments of [sic] the U.S. Constitution.[51]

V.    Did the 11th District court of appeals substantially make a prejudicial error to cause a material injustice to this petitioner in violation of federal and Ohio law by denying petitioner's motion for substitute appeal [sic] counsel due to conflict of interest and ineffective assistance of adequate appeal [sic] counsel for failing/refusing to federalize appeal attorney brief [sic] and/or

---

[48]ECF # 1 at 3.

[49]*Id*. at 4.

[50]*Id.*

[51]*Id*. at 5.

-9-

failing/refusing to raise the foregoing meritorious and colorable federal questions of law, including actual innocence protected under the 6th and 14th Amendments of [*sic*] the U.S. Constitution as demanded by right.[52]

As noted, the State, through the Lake County prosecutor, has filed a brief in opposing the granting of the writ.[53] Meyers has not filed a traverse.

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Meyers was in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[54]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[55]

3.    My own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[56]

4.    Moreover, subject to the analysis that follows, it appears that these claims have been totally exhausted in Ohio courts by virtue of having

---

[52]*Id.*

[53]ECF # 27.

[54]*See* 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[55]*See* 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[56]*See* 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

been presented through one full round of Ohio's established appellate review procedure.[57]

5.     Finally, Meyers has not requested appointment of counsel,[58] but has requested an evidentiary hearing to develop the factual bases of his claims.[59] This motion[60] has been addressed separately.[61]

## B.     Standards of review

### 1.     *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[62] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[63] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[64]

---

[57]*See* 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[58]28 U.S.C. § 2254(h); Rule 8(C), Rules Governing 2254 Cases.

[59]28 U.S.C. § 2254(e)(2).

[60]ECF #4.

[61]ECF #17.

[62]28 U.S.C. § 2254(a).

[63]*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[64]*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[65] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[66]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[67]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[68] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[69]  and may not second-guess a state court's interpretation of its own procedural rules.[70]  Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[71]  the Sixth Circuit has recognized that

---

[65]*Estelle*, 502 U.S. at 67-68.

[66]*Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[67]*Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[68]*Id.*

[69]*Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[70]*Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[71]*Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

"'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[72]

## 2.    *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[73] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[74]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[75]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations,[76] and  "difficult to meet,"[77] thus, preventing petitioner and

---

[72]*Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[73]Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[74] *See* 28 U.S.C. § 2254 (2012).

[75] 28 U.S.C. § 2254(d) (2012).

[76]*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[77] *Id.* (citation omitted).

-13-

federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[78]

## 1.    "Contrary to" or "Unreasonable Application of" Clearly Established Federal Law

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[79]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[80] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[81] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[82]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[83]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[84]  Under the "contrary to" clause, if materially

---

[78]*Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[79]*Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[80] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[81] *Id.*

[82] *Id.*

[83] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[84] *Id.*

-14-

indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[85]   When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[86]   Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[87]   A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[88]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[89] Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

---

[85] *See id.*

[86] *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[87]*Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[88] *Id.*

[89] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

2.    **"Unreasonable Determination" of the Facts.**

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[90]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[91] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[92] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[93] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[94]

---

[90] *Brumfield*, 135 S.Ct. at 2277.

[91] 28 U.S.C. § 2254(e)(1) (2012).

[92] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[93] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[94] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

-16-

## C.      Application of standards

1.      Ground four - arguing that the sentence was improper under Ohio law - should be
dismissed as stating a non-cognizable state law claim.

Meyers asserts in his fourth ground for relief that he was improperly sentenced for a

first degree misdemeanor when he should have been sentenced for a minor misdemeanor.

In addition, Meyers includes an additional claim that the sentencing judge lacked subject

matter jurisdiction to preside in this case.

Initially,  Meyers never raised the issue of a lack of subject matter jurisdiction to the

Ohio appeals court on direct appeal. In fact, the phrasing of this claim to the Ohio appellate

court was a straightforward argument that the facts here did not warrant including his offense

within that portion of the Ohio statute defining a first degree misdemeanor.[95]  In the same

vein, the Ohio appellate court considered and rejected the argument as one exclusively

raising a state statutory law question.

It is well-settled that "it is not the province of the federal habeas court to reexamine

state-court determinations of state-law questions."[96]  Moreover, federal habeas courts are

bound by decisions of intermediate state courts on questions of state law unless convinced

that the state's highest court would decide the issue differently.[97]

---

[95]ECF # 13, Attachment 2 at 33-35.

[96]*Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[97]*Olsen v. McFaul*, 843 F.2d 918, 929 (6th Cir. 1988).

-17-

Finally, even if Meyers had not procedurally defaulted that portion of this claim going to the jurisdiction of the trial court by failing to present that to the Ohio appeals court on direct appeal,[98] a claim arising from a state's purported misapplication of its own rules is not cognizable in federal habeas corpus review.[99]

Accordingly, ground four should be dismissed.

2.      Ground five - alleging ineffective assistance of appellate counsel - should be dismissed as procedurally defaulted.

In ground five, Meyers argues that the state appeals court erred in not granting his motion to obtain substitute appellate counsel. He contends that the basis for his motion was the ineffectiveness of counsel in failing to federalize his claims and failing to raise meritorious issues.

Initially, I observe that a federal habeas court generally has no basis for considering on a *de novo* review whether a state court abused its discretion in not granting a motion.[100] Stated in that way, Meyers' assertion that the Ohio appeals court abused its discretion in denying his motion for a substitution of counsel should be dismissed here as a non-cognizable claim.

---

[98]*See, Pillette v. Foltz,* 824 F.2d 494, 496 (6th Cir. 1987)(to avoid procedural default the "same claim on the same theory" must be presented to the state courts as to the federal habeas court).

[99]*Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000).

[100]*Lewis v. Jeffers,* 497 U.S. 764, 782-783 (1990)(claims based on state law do not state cognizable grounds for federal habeas relief); *see also, Cullen v. Pinholster*, 563 U.S. 170, 183 (2011)(federal habeas courts are not "alternative forums" for trying facts and issues insufficiently pursued in state court).

Further, if the substance of the claim - ineffective assistance of appellate counsel - is considered rather than its form (an assertion that the constitutional error was the denial of the motion to substitute), Meyers fares no better. The record shows that Meyers filed no Rule 26(B) motion with the Ohio appeals court seeking to reopen the appeal on the grounds that his attorney was ineffective. Thus, Meyers waived any opportunity to raise the issue of his appellate counsel's alleged ineffectiveness before the Ohio courts, and so foreclosed any consideration of that issue by a federal habeas court.[101]

Accordingly, ground four should be dismissed as non-cognizable or as procedurally defaulted.

3.    Ground three - contending that Meyers' conviction was against the manifest weight of the evidence - should be denied after considering it as a claim alleging insufficient evidence, on the grounds that the state court decision was not contrary to the clearly established federal law of *Jackson v. Virginia*.

As with prior claims, this ground for relief was asserted to the Ohio appeals court on direct review purely as a state law question involving whether the conviction was against the manifest weight of the evidence. Thus, the Ohio appeals court was expressly asked to sit as a "thirteenth juror" and re-evaluate the testimony, with the authority to resolve conflicts in testimony contrary to the resolution of the jury.[102] The Ohio appellate court adjudicated the claim exclusively on the basis.[103]

---

[101]*Wilson v. Hurley*, 382 Fed Appx. 471, 476 (6th Cir. 2010)(citations omitted).

[102]ECF # 13, Attachment 2 at 30.

[103]*Id.* at 84-86.

-19-

But, despite the fact that a straightforward manifest weight of the evidence claim would seem to involve a federal court in an improper *de novo* weighing of evidence, the Sixth Circuit has held that a state court determination that a conviction was not against the manifest weight of the evidence "necessarily implies a finding that there was sufficient evidence" to support the conviction.[104]

That said, even when considered as a claim that Meyers conviction was not supported by substantial evidence, the claim should be denied because the state court's decision in this regard is not contrary to the clearly established federal law of *Jackson v. Virginia*.

Despite the general prohibition against federal habeas corpus review of issues of state law,[105] a claim that a petitioner was convicted with insufficient evidence is cognizable under 28 U.S.C. § 2254[106] because the Due Process Clause of the Fourteenth Amendment "forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt."[107]

The United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential

---

[104]*Nash v. Eberlin*, 258 Fed. Appx. 761, 765 (6th Cir. 2007).

[105]*See*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[106]*Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006).

[107]*Fiore v. White*, 531 U.S. 225, 228-29 (2001).

elements of the crime proved beyond a reasonable doubt.[108] This standard does not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact.[109]

Moreover, in addressing an argument about the sufficiency of the evidence, it must be remembered that an attack on the credibility of a witness is simply a challenge to the quality of the prosecution's evidence, and not to its sufficiency.[110] Further, as the Sixth Circuit has stated, the review for sufficiency of the evidence must be viewed as containing two levels of deference toward the state decision: first, the deference set forth in *Jackson*, whereby the evidence is to be viewed most favorably to the prosecution, and next, "even if [the court] to conclude that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as that is not unreasonable."[111]

Here, the state appeals court found that "the evidence does not weigh heavily against a conviction for using a weapon while intoxicated."[112] The court's reasoning began by stating

---

[108]*Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[109]*Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[110]*Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

[111]*Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012) (citations omitted).

[112]ECF # 13, Attachment 2 at 85.

the text of the statute involved, and then proceeded to relate the terms of the jury

instruction.[113]Then, the court recounted the evidence as follows:

> **{¶51} The testimony of Officer Smith and Sergeant Byers was that Meyers
> smelled of alcohol, had blood shot and glassy eyes, repeated himself, had
> difficulty following instructions, and difficulty understanding and
> remembering statements, questions, and answers. Meyers refused a
> request to perform field sobriety tests. Sergeant Byers testified, based on
> over 200 OVI arrests and his extensive experience with people who have
> been drinking and show signs of intoxication, it was his opinion that
> Meyers was over the legal limit to be driving. He added that Meyers was
> "certainly too intoxicated to be handling a firearm." Meyers was the
> driver and sole occupant of the truck in which a handgun and
> ammunition were recovered from the vehicle floor near the driver's seat.
> Contrary to Meyers' assertions at trial and on appeal, the results of the
> field sobriety test are not required to establish that a defendant was
> intoxicated. *State v. Scandreth*, 11th Dist. Trumbull No. 2009-T-0039, 2009
> Ohio 5768, ¶ 71 (citations omitted).[114]**

On that record, and under AEDPA analysis, the decision of the Ohio appeals court to deny

this claim is not contrary to clearly established federal law, and so ground three should be

denied.

4.    Ground two - contending that the trial court erred in failing to suppress statements
      Meyers made to police - should be denied after AEDPA review on the grounds that
      the Ohio appeals court decision denying this claim is not an unreasonable application
      of the clearly established law of *Terry v. Ohio* or *Miranda v. Arizona.*

_____

[113]*Id.*

[114] ECF# 13-2 at 1003.

-22-

Meyers contends here that the Ohio appeals court incorrectly found no error in the trial court's decision to only partially grant his motion to suppress statements he made to police during the initial encounter.

The trial court did suppress any statements made from the time Meyers was placed into the patrol car until he was formally arrested and *Mirandized*.[115] Further, as the State observed in its appellate brief, to the extent that the non-suppressed statements were then made during the traffic stop preceding the point that Meyers was placed in the patrol car, those statements were captured on video and Meyers himself introduced the entire video of the stop into evidence, playing it as part of a defense that sought to show that he had told the officer he had a concealed carry permit and that the firearm in the vehicle was unloaded.[116] It is, therefore, difficult to see how any error here could have possibly prejudiced Meyers when Meyers himself introduced all the statements at trial he now claims should have been suppressed.

That said, the appeals court here began its analysis by correctly noting that clearly established federal law holds that police making a routine traffic stop are permitted to ask the detained individual "a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions."[117] Moreover, those

---

[115]*Id.* at 78.

[116]*Id.* at 15.

[117]*Id.* at 78 (quoting *Berkemer v. McCarty*, 468 U.S. 420, 439-440 (1984)).

"moderate number of questions" may include, in the interest of officer safety, questions going to determining whether the detained person possesses a firearm.[118]

Thus, the state court concluded that Meyers was not in custody, and so required to be informed of his *Miranda* rights, before he was placed into the patrol car.[119] This finding, the appeals court reasoned, supported the ruling of the trial court that any statements made prior to Meyers being placed into the patrol car were properly not suppressed.[120]

As the Ohio appeals court stated, general questioning attendant to a traffic stop does not automatically trigger the need to give a *Miranda* warning. But, under circumstances where such a warning was required but not given, a violation of *Miranda* rights may support habeas relief and such claims are not barred by the doctrine of *Stone v. Powell*.[121] Moreover, while the specific facts surrounding the questioning at issue as determined by the state appeals court is entitled to the presumption of correctness, the conclusion that a person was or was not "in custody" for purposes of applying *Miranda* presents a mixed question of fact and law and so is not entitled to such a presumption.[122]

Accordingly, the state appeals court correctly stated the clearly established federal law applicable to this matter. The court did not unreasonably apply that law to the facts here in

---

[118]*Id*. (citation omitted).

[119]*Id*. at 79.

[120]*Id*.

[121]*Withrow v. Williams,* 507 U.S. 680, 686-95 (1993).

[122]*Thompson v. Keohane*, 516 U.S. 99, 107-110 (1995).

concluding that any statements made by Meyers to police prior to being put into the patrol car were properly admissible because they were made either (1) within the scope of questions proper to a traffic stop or (2) after Meyers had denied having a firearm in the vehicle. The officer, through his own observation, could see that this statement was false and so was entitled to inquire further for his own safety while investigating the facts and circumstances of the situation.

In addition, Meyers failed to point out to the appeals court any statements that could have been incriminating that were not suppressed,[123] and indeed, actually introduced the video of the stop into evidence himself, thus showing any error in the suppression process was harmless and resulted in no prejudice to him.[124]

For the reasons stated, ground two should be denied after AEDPA review.

5.    Ground one - that Meyers waiver of his right to counsel was not voluntary, knowing and intelligent - should be denied after AEDPA review because the state appeals court decision on this claim was not an unreasonable application of the clearly established federal law of *Faretta v. California.*

The state appeals court decision on this claim adequately reflects the reasoning employed:

**{¶14}  *Faretta v. California*, 422 U.S. 806 (1975) holds that a defendant seeking to waive his right to counsel and represent himself must "knowingly and intelligently forgo" the benefits of counsel.**

---

[123]ECF # 17, Attachment 2 at 79.

[124]*Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

-25-

> Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently to choose self representation, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'

Id. at 835 (citation omitted). "Once the right to counsel is properly waived, trial courts are permitted to appoint standby counsel to assist the otherwise pro se defendant" even over the defendant's objections. *State v. Martin*, 103 Ohio St.3d 385, 390 (2004).

{¶15} Appellant was charged with petty offenses. A "petty offense" is an offense for which the maximum penalty is up to six months confinement. *See* Crim.R. 2(C) and (D). The highest level offense which appellant was charged was a misdemeanor of the first degree. Trial courts are not permitted to impose a sentence for more than six months for a first-degree misdemeanor. *See* R.C. 2929.24(A)(1) (exceptions inapplicable). In a petty offense case, waiver of counsel must be made in open court and recorded by means of shorthand, stenotype, or other adequate mechanical device; but unlike a waiver in a "serious" offense case, it need not be in writing. Crim.R.22; Crim.R.44.

{¶16} Meyers stated many times on the record that he wished to proceed pro se. On May 3, 2103, the day of trial, Meyer signed a form entitled "Acknowledgment of Rights and Waiver of Counsel," which is typically used for those pleading guilty or no contest, and was annotated to indicate the Meyers was pleading not guilty. Crim.R.22 was more than satisfied, in that a writing is not typically required in these circumstances. It is clear from Meyers' various in-court statements and from the form he signed on the trial date that he wished to proceed pro se. See Crim.R. 44(C). Thus, we must determine whether Meyers was sufficiently informed to have made such a waiver voluntarily, knowingly, and intelligently.

{¶18} Here, * * * we are neither faced with a situation in which a defendant has been denied counsel nor with a situation in which we must determine whether a defendant impliedly waived counsel. The trial court informed Meyers that he had a right to counsel, of which it would "be wise" to take advantage, and offered Meyers additional time to secure

counsel.  Even though the trial court permitted Meyers to proceed pro se,
counsel was always available to him in court.  Nonetheless, Meyers
insisted on presenting and arguing his own case.  Meyers filed and argued
numerous motions that demonstrate that he knew the nature of the
charges against him and what the state had to prove in order to convict
him.

{¶19} A review of the record shows that Meyers waived his right to
counsel "with eyes open." *Faretta, supra*.  At the pretrial hearing, the
court discussed with Meyers what the state would be required to prove
with regard to the charge of using weapons while intoxicated and the
burden of proof.  Meyers' pleadings reflect an understanding of court
procedure.  Furthermore, at trial, Meyers argued the state could not
prove that he was intoxicated or that he was in possession of a handgun.
As intoxication and possession of a handgun were the central elements to
the state's case, it is clear that Meyers understood the nature of the
charges and the available defenses.  Meyers signed a form acknowledging
that he faced jail time if convicted, which shows that he was aware of the
possible punishments. The trial court advised Meyers that it would be in
his best interest to take advantage of counsel and explained his right to
have to have counsel appointed at no cost to him.  The trial court ensured
that counsel was available to Myers * * *.

Because the state appeals court here properly identified the clearly established federal

law applicable here, and because the court then provided a detailed explanation as how,

under the total facts and circumstances of the case, Meyers, with his "eyes open" effected a

"knowing, voluntary and intelligent waiver of his right to counsel, ground one should be

denied after AEDPA review.

## Conclusion

Meyer has presented no ground in his petition that warrants issuance of the writ.

-27-

Specifically,

- Ground one, involuntarily waiver of the right to counsel at trial, fails under AEDPA review because the state court reasoning applied clearly established federal law.

- Ground two, for failure to suppress statements made in violation of Fourth and Fourteenth Amendment rights also fails under AEDPA "reasonable application" review.

- Ground three, conviction against the substantial weight of the evidence, likewise does not survive AEDPA "reasonable application review."

- Ground four, in proper sentencing under state law, constitutes a claim not cognizable for federal habeas review.

- Ground five, ineffective assistance of appellate counsel is procedurally defaulted for failure to timely assert that claim for state court review.

I recommend the dismissal of Grounds Four and Five and the denial of Grounds One, two, and Three on the merits.

Dated: January 21, 2016                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[125]

_____

[125]*See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).