UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MEYERS, | ) | Case No.: 1:14 CV 1505 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| Respondents | ) | <u>ORDER</u> |

On July 9, 2014, Petitioner Robert Meyers ("Petitioner" or "Meyers") filed a Petition for Writ of Habeas Corpus ("2254 Petition") (Pet., ECF No. 1) pursuant to 28 U.S.C. § 2254 in the above-captioned case, challenging the constitutionality of his conviction and sentence on one count of using weapons while intoxicated. As a result of the conviction, Petitioner spent approximately one month in jail. He argues that his 2254 Petition should be granted based on the following grounds:

> [Ground One] Did trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law by permitting petitioner to represent himself without first advising petitioner of federal right to trial counsel, and knowing whether petitioner voluntarily, knowingly, and intelligently waived his right to court-appointed trial counsel protected under the 6th and 14th Amendments of the U.S. Constitution.

> [Ground Two] Did trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law when it denied the petitioner's motion to suppress statements made to the police in violation of his federal Constitution [*sic*] rights to assistance of counsel and/or against self-incrimination protected under the, 4th, 5th and 14th Amendments of the U.S. Constitution.

> [Ground Three] Did the trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law when the jury returned a verdict of guilty against the manifest weight of the evidence, and without *corpus delecti* being proven in the light most favorable to the prosecution according to state/federal law protected under the 1st, 4th, 5th, 6th, and 14th Amendments of the U.S. Constitution.
>
> [Ground Four] Did trial court substantially make a prejudicial error to cause material injustice to this petitioner in violation of federal and Ohio law when retired Judge Paul Mitrovich acting without legal subject matter jurisdiction sentenced petitioner for a 1st degree misdemeanor instead of a minor misdemeanor in violation of state/federal law protected under the 1st, 4th, 5th, 6th and 14th Amendments of the U.S. Constitution.
>
> [Ground Five] Did the 11th District Court of Appeals substantially make a prejudicial error to cause a material injustice to this petitioner in violation of federal and Ohio law by denying petitioner's motion for substitute appeal [*sic*] counsel due to conflict of interest and ineffective assistance of adequate appeal [*sic*] counsel for failing/refusing to federalize appeal [*sic*] attorney brief and/or failing/refusing to raise the foregoing meritorious and colorable federal questions of law, including actual innocence protected under the 6th and 14th Amendments of the U.S. Constitution as demanded by right.

(Mem. in Support of Pet. 3-5, ECF No. 1-1.) Additionally, Petitioner asserted a claim for the writ of *coram nobis*. (*Id.* at 12.)

Pursuant to Local Rule 72.2, the case was referred to Magistrate Judge William H. Baughman ("Magistrate Judge" or "Judge Baughman"), on September 18, 2014, for preparation of a Report and Recommendation ("R & R"). On November 4, 2014, Respondents State of Ohio and Daniel Dunlap (collectively, "Respondents") filed a Motion to Dismiss, arguing that Meyers's 2254 Petition was moot, as he was no longer in custody. (ECF No. 14, at 3.) Respondents also argued that the court should dismiss the portion of the Petition seeking the writ of *coram nobis*, because federal courts lack jurisdiction to grant such a writ with respect to a state court judgment. (*Id.*)

On February 9, 2015, Judge Baughman submitted an R & R, recommending that the court dismiss the portion of Meyers's petition seeking the writ of *coram nobis*. (First R & R 9, ECF No.

17.) However, the Magistrate Judge recommended that the motion be denied as it related to the § 2254 petition. (*Id.*) The court, on April 29, 2015, adopted Judge Baughman's R & R in its entirety. (Order, ECF No. 20.) Meyers filed a notice of appeal, which the United States Court of Appeals for the Sixth Circuit dismissed for lack of jurisdiction. (ECF No. 28, at 1-2.)

Judge Baughman then addressed the merits of Meyers's 2254 Petitioner, in a second R & R dated January 21, 2016. (Second R & R, ECF No. 32.) Respondents argued that all grounds for relief in the Petition should be dismissed. (ECF No. 27.) Petitioner did not file a Traverse. In the R & R, the Magistrate Judge recommends that Grounds One, Two, and Three be denied on the merits, while Grounds Four and Five should be dismissed. (Second R & R 28, ECF No. 32.) Specifically, Judge Baughman recommends that Grounds Four be dismissed as stating a non-cognizable state law claim. (*Id.* at 17.) While Petitioner invoked several Amendments to the U.S. Constitution in Ground Four, he essentially argued, as he did before the state court of appeals, that the facts presented at trial did not warrant classification of his offense as a first degree misdemeanor under Ohio law. (*Id.*) And, federal habeas review is not the proper vehicle to reexamine state-court determinations of state-law questions. Moreover, to the extent that Meyers seeks to argue that the state court judge lacked subject matter jurisdiction, that claim was procedurally defaulted when he failed to raise it on direct appeal. (*Id.*)

Similarly, Judge Baughman recommends that Ground Five be dismissed as either a non-cognizable claim or as procedurally defaulted. (*Id.* at 18-19.) The Magistrate Judge explains that Ground Five might be construed either as an attack on the state appellate court's denial of his motion to substitute appellate counsel, or as a claim for ineffective assistance of appellate counsel. (Second R & R at 18-19) Taken as the former, Ground Five would be non-cognizable because a federal

habeas court generally may not consider whether a state court abused its discretion in denying a motion. (*Id.* at 18.) Viewing Ground Five instead as a substantive claim for ineffective assistance of counsel similarly provides no relief, as Petitioner failed to raise this issue before the Ohio courts. (*Id.* at 19.)

In considering the merits of Ground Three, Judge Baughman first notes that this ground was asserted on direct review as a pure question of state law – whether the conviction was against the manifest weight of the evidence – and, was adjudicated as such by the Ohio appellate court. (*Id.* at 19.) Even considering the claim as one alleging insufficient evidence, the Magistrate Judge concludes that Ground Three should be denied. Based on the trial record and the two levels of deference afforded a state decision, Judge Baughman finds that the state court decision was not contrary to clearly established federal law, to wit, the U.S. Supreme Court decision in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). (*Id.* at 20-22.)

Additionally, Judge Baughman recommends that Ground Two be denied on the merits. (*Id.* at 23.) In his 2254 Petition, Meyers argued that the state appellate court erred by affirming the trial court's decision to suppress only a portion of the statements he made to police during the traffic stop prior to his arrest. (*Id.*) Meyers contended on appeal, rather incredulously, that the rest of the statements, which he himself introduced into evidence at trial, should also have been suppressed. (*Id.*) As such, Judge Baughman notes that it is difficult to discern what prejudice might flow from the trial court's decision to admit such statements. (*Id.*)

Furthermore, the Magistrate Judge concludes that the Ohio appellate court neither incorrectly stated the applicable federal law nor unreasonably applied this law to the facts presented. (Second R & R at 23-25.) First, the court correctly explained that, pursuant to *Berkemer v. McCarty*, a police

officer making a routine traffic stop may ask "a moderate number of questions to determine [the driver's] identity and to try to obtain information confirming or dispelling the officer's suspicions."468 U.S. 420, 439-440 (1984). These may also include questions related to officer safety. (*Id.* at 23-24.) And, applying this standard, the state court reasonably concluded that the challenged statements, given prior to Meyers being placed in custody, were made within the scope of proper questioning. (*Id.* at 25.)

Finally, Judge Baughman recommends that Ground One also be denied. (*Id.*) The Ohio appellate court correctly considered, under that standard announced in *Faretta v. California*, 422 U.S. 806 (1975), whether the trial court erred in allowing Meyers to proceed *pro se*. (*Id.*) And, the court's decision, affirming the lower court ruling under this standard, was not unreasonable, given the careful consideration of the underlying facts supporting this conclusion. (*Id.* at 27.)

On February 13, 2016, Petitioner purported to file Objections (ECF No. 33) to the above-described R & R. However, the court notes that Meyers appears to have essentially refiled the Memorandum in Support of his original 2254 Petition (ECF No. 1-1). While Petitioner has failed to specifically object to any portion of the Magistrate Judge's R & R, the court has, nonetheless, conducted a *de novo* review and finds that Judge Baughman's conclusions are fully supported by the record and controlling case law. Therefore, the court adopts the R & R (Second R & R, ECF No. 32) in its entirety.

Accordingly, this court having adopted Judge Baughman's R&R (ECF No. 32) in its entirety, hereby denies Meyers's Petition for Writ of Habeas Corpus (Pet., ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken

in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2014).

  IT IS SO ORDERED.

               */s/ SOLOMON OLIVER, JR.*
               CHIEF JUDGE
               UNITED STATES DISTRICT COURT

March 9, 2016